# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-cr-30120-MJR |
| CHAD VINCENT IACONA, | ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge:**

A June 23, 2011, indictment charged Defendant Chad Vincent Iacona with Fraud in Connection with an Access Device, in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i). Iacona appeared pursuant to a summons and remained free on bond until trial commenced on November 28, 2011. During the intervening months, a superseding indictment was issued, adding a charge of Aggravated Identity Theft, a violation of 18 U.S.C. § 1028A, but Iacona remained on bond without incident. A jury convicted Iacona on both charges, but he was permitted remain free on bond pending sentencing. On March 8, 2012, Iacona was sentenced to a total of 39 months, and he was taken into custody at that time.

By motion dated March 15, 2012, Iacona moves for release pending resolution of his appeal (Doc. 58).[1] Iacona cites his zero criminal history score, his problem-free time on bond, even after being found guilty, and the fact that he is the sole financial support for his family. Iacona contends that, if successful, his appeal could result in a lesser term of

---

[1] Iacona's motion was filed under seal. The Court does not perceive any reason for sealing the motion, the Government's response or this Order, as everything discussed is a matter of public record. Moreover, Iacona has offered no explanation for why he filed his motion under seal. Therefore, Iacona's motion (Doc. 58) and the Government's response (Doc. 64) will be unsealed by the Clerk of Court.

1

imprisonment or a new trial. On appeal, Iacona challenges the determination of his relevant conduct, and the characterization of a credit card as a "form of identification (and the related jury instruction).

In response, the Government agrees that Iacona does not pose a serious risk of flight and he is not a danger to the community. However, citing 18 U.S.C. § 3143(b)(1), the Government argues that Iacona has not met his burden on showing that his appeal has merit, or that there is a close question of fact or law that would so much as impact his sentence (a mandatory minimum of 24 months).

In pertinent part, 18 U.S.C. § 3143 provides:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, *unless* the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, *or*
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer *shall* order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

There is no dispute that Iacona is not a risk of flight or danger to the community; thus, the first hurdle is cleared. Consequently, the Court must focus on the second hurdle, whether Iacona's appeal raises a substantial question of law or fact that is likely to result in reversal, a new trial, or a sentence not requiring prison time-- or a sentence that would be less time than what Iacona would spend in prison before the appeal is resolved. *See United States v. Thompson*, 787 F.2d 1084, 1085 (7th Cir. 1986).

Iacona's motion does not delve into the merits of his appeal. For that reason alone, he has not met his burden. In any event, like the Government, this Court does not perceive that Iacona raises a "substantial" issue that would satisfy Section 3143.

Iacona cites as error the Court's ruling that a credit card qualifies as a "means of identification" for purposes of 18 U.S.C. § 1028A. However, a credit card account number, under the definitions in section 1028(d), qualifies as a means of identification. The Court does not perceive that this is a close call. Similarly, any related argument that the jury instruction on this point was erroneous is not likely to be successful on appeal.

The Government correctly notes that relevant conduct not charged in the indictment is fair game for sentencing purposes. *United States v. Swanson*, 483 F.3d 509, 514 (7th Cir. 2007). Iacona would base his relevant conduct only on the loss attributable to the Wells Fargo account charged in the indictment: $25,995.59. However, Guidelines Section 1B1.3 takes a broad sweep and would include other losses that stemmed from a common scheme or plan, including other accounts opened within the same time period using the same personal identifiers, thereby raising the loss amount to over $75,000. Because the Court does not perceive that the relevant conduct finding is likely to be upset on appeal, it is also unlikely that Iacona's minimum sentence of 24 months will be disturbed. Although the appellate process can

sometimes drag on, this case is relatively simplistic and is very likely to be resolved in few short months.

For the reasons stated, the Court finds that Defendant Iacona has failed to meet his burden under 18 U.S.C. § 3143(b)(1). Therefore, Iacona's motion for release pending resolution of his appeal (Doc. 58) is **DENIED**.

The Clerk of Court is **DIRECTED** to unseal Defendant Iacona's motion (Doc. 58) and the Government's response (Doc. 64).

**IT IS SO ORDERED.**

DATED: March 27, 2012

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**